10-4955-cv
Selinger v. City of N.Y.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand eleven.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

-------------------------------------------------------------------------------

PAUL SELINGER, MARSHA SELINGER,
                    *Plaintiffs-Appellants*,

        v.                                 No. 10-4955-cv

THE CITY OF NEW YORK, DETECTIVE WILLIAM GREENE, in his individual and official capacities,
                    *Defendants-Appellees*,

        v.

ROBERT M. MORGENTHAU, in his individual and official capacity as District Attorney, KATHRYN QUINN, in her individual and official capacity as Assistant District Attorney, JOHN/JANE DOES, Detectives and/or Police Officers, 1–5, in their individual and official capacities, LIEUTENANT ANGELO CARBONE,
                    *Defendants*.

-------------------------------------------------------------------------------

APPEARING FOR APPELLANTS:    SCOTT A. KORENBAUM, Esq. (Frederick K. Brewington, Esq., *on the brief*), New York, New York.

APPEARING FOR APPELLEES:        ANDREW S. WELLIN, Of Counsel (Larry A. Sonnenshein, Of Counsel, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 8, 2010, is AFFIRMED.

Plaintiffs Paul Selinger and Marsha Selinger appeal an award of summary judgment in favor of defendant Detective William Greene on claims of malicious prosecution and abuse of process brought pursuant to 42 U.S.C. § 1983 , and the dismissal of related state law claims for lack of jurisdiction.[1]  We review an award of summary judgment de novo, see Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010), "constru[ing] the evidence in the light most favorable to the plaintiff, [and] drawing all reasonable inferences and resolving all ambiguities in [his] favor," Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 603 (2d Cir. 2006) (internal quotation marks omitted).  We assume familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Because Marsha Selinger's claims are derivative of her husband's, we hereafter refer only to Paul Selinger's claims in discussing plaintiffs' appeal.  Further, because plaintiffs do not appeal the award of summary judgment in favor of defendant the City of New York, we do not discuss that award further.

1.    Malicious Prosecution

Selinger contends that he adduced sufficient evidence to defeat summary judgment on the question of whether Greene lacked probable cause to initiate Selinger's prosecution for insurance fraud. See Manganiello v. City of New York, 612 F.3d 149, 160–61 (2d Cir. 2010) (holding that § 1983 claim for malicious prosecution is assessed by reference to elements of related state tort, which, under New York law, requires proof of absence of probable cause). That claim fails for several reasons. First, because Selinger was prosecuted on an indictment, Greene is entitled to a presumption of probable cause, which may be rebutted only "by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Id. at 162 (internal quotation marks omitted). Plaintiffs have failed to introduce evidence of any such misconduct.

Second, even without the benefit of a presumption, there is no genuine issue as to the existence of probable cause to initiate the challenged prosecution. While probable cause requires more than "mere suspicion" of wrongdoing, Mallory v. United States, 354 U.S. 449, 454 (1957), its focus is on "probabilities," not "hard certainties," Illinois v. Gates, 462 U.S. 213, 231 (1983) (internal quotation marks omitted). It does not equate to a prima facie or preponderance showing. See id. at 235; Spinelli v. United States, 393 U.S. 410, 419 (1969). Nor does it demand a showing that a good faith belief be "correct or more likely true than false." Texas v. Brown, 460 U.S. 730, 742 (1983). It requires only such facts as make wrongdoing probable. See Walczyk v. Rio, 496 F.3d 139, 157 (2d Cir. 2007).

3

Such probability was established as a matter of law in this case from evidence showing that, before referring Selinger to the district attorney's office for prosecution, Greene had adduced evidence that the health clinic with which Selinger was associated had submitted fraudulent insurance claims on behalf of "Igor Gabjilov," an undercover police officer whom Selinger diagnosed with temporomandibular joint ("TMJ") disorder. Those claims sought reimbursements for medical treatments that Gabjilov purportedly received but that, in fact, were never provided. On at least one of these fraudulent claim forms, Paul Selinger's stamped signature appeared on the "signature of provider" line.

Plaintiffs assert that the record would permit a finding that Selinger legitimately diagnosed the undercover officer as suffering from TMJ disorder. But the validity of Selinger's medical diagnosis is irrelevant. As plaintiffs recognize, "[t]he essence of the insurance fraud scheme . . . was fraudulent billing," i.e., insurance claims filed for medical treatments that were never performed. Pl.'s Br. 44. On this point, Greene undoubtedly had evidence of probable wrongdoing by Selinger: a fraudulent reimbursement claim bearing Selinger's stamped signature as the provider of services never performed. That document constituted "reasonably trustworthy information as to . . . facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief than an offense has been . . . committed by the person to be arrested." Manganiello v. City of New York, 612 F.3d at 161 (internal quotation marks omitted).

In urging otherwise, Selinger observes that Greene did not know whether Selinger actually stamped the form or was otherwise involved in submitting the insurance bills. But

Selinger adduced no evidence suggesting that Greene had reason to question Selinger's signature on the claims form. See id. (recognizing that "failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause" (internal quotation marks omitted)). "[T]he fact that an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause, . . . and an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." Panetta v. Crowley, 460 F.3d 388, 395–96 (2d Cir. 2006) (internal quotation marks omitted).

Because Selinger has not submitted evidence raising a genuine issue of material fact as to lack of probable cause, summary judgment was properly granted to Greene on this claim.

2.    Abuse of Process

Selinger's § 1983 claim for abuse of process requires him to prove that Greene acted with malice, i.e., "with intent to do harm without excuse [or] justification, and . . . in order to obtain a collateral objective that is outside the legitimate ends of the process." Savino v. City of New York, 331 F.3d 63, 70 (2d Cir. 2003) (internal quotation marks omitted). On this record, there is no proof that Greene acted with such intent. To the extent Selinger urges an inference of malice from the lack of probable cause, see id. (noting that lack of probable cause permits inference of malice), his claim fails for reasons discussed in the prior section of this order.

Nor can plaintiffs sustain this claim on the grounds that Greene sought Selinger's arrest and indictment for the collateral purposes of extracting restitution payments and attracting publicity.  The record shows that the district attorney's office, not Greene, was responsible for demanding restitution in exchange for Selinger's guilty plea, as well as for the news release issued after Selinger and his co-defendants were indicted.  Because those actions cannot be ascribed to Greene, Selinger fails to establish a triable issue of malice. Greene was therefore entitled to summary judgment on the abuse of process claim.

3.    State Law Claims

Because Greene was entitled to summary judgment on Paul Selinger's federal claims, the district court was within its discretion to decline exercising supplemental jurisdiction over plaintiffs' remaining state law claims.  See Doninger v. Niehoff, 642 F.3d 334, 357 (2d Cir. 2011).

4.    Conclusion

We have considered plaintiffs' remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6